# Exhibit F

*Hooper* Stay Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 1925 HOOPER LLC; ROBERT J. ARKO; and ANDREW M. MOORE; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS; *et al.*,<br><br>Defendants. | CASE NO.: 1:23-cv-05392-MHC |

## ORDER

Presently before the Court is a Joint Motion and Stipulation to Stay Entire Case filed by Plaintiffs 1925 Hooper LLC, Robert J. Arko and Andrew M. Moore, and Defendants Higher Tech Realty, LLC, d/b/a Mark Spain Real Estate; EAV, LLC d/b/a Engle & Volkers Atlanta; Tracey Cousineau Real Estate, LLC; Sanders Realty Holdings, LLC; BOLST, Inc.; Chapman Hall Realtors, Inc.; Signature Properties Group, Inc.; Path & Post, LLC; Greater Atlanta Real Estate Group, LLC; Greater Atlanta Realty Holdings Corporation; Atlanta Communities Real Estate Brokerage, LLC; eXp World Holdings, Inc.; AF Realty Group, LLC; National Associations of REALTORS®; Weichert of North America, Inc., and Engel & Völkers Americas, Inc. (collectively, "Signing Defendants"). In the Motion, the Plaintiffs and Signing

1

Defendants consent and stipulate to stay all proceedings and deadlines pending a decision on final approval of a proposed nationwide settlement.

For good cause shown, it is hereby **ORDERED** that the Parties' Motion to Stay Entire Case is **GRANTED**. The Court **STAYS** this entire case, including all proceedings and all deadlines, temporarily as follows:

(1) The Court stays the case through a decision on final approval of the proposed nationwide Settlement Agreement (attached to the Motion as Exhibit A) as to all Defendants that are automatically "Released Parties" under the Settlement Agreement, including NAR and any Defendant considered a brokerage with calendar year 2022 Total Transaction Volume for residential home sales of $2 billion or less; and, following such a stay, the Plaintiffs and any Defendants considered "Released Parties" will provide the Court with a status update within 10 days of a decision on final approval of the Settlement Agreement.

(2) The Court stays the case for 60 days from the date of this Order to allow the remaining Defendants not automatically considered "Released Parties" under the Settlement Agreement to determine whether they will "opt in" and otherwise comply with the Settlement Agreement to become "Released Parties."

a) For those Defendants that become Released Parties during the 60-day stay, the stay shall be extended through a decision on final approval of the Settlement Agreement; and

b) Within 14 days of the expiration of the 60-day stay, the Plaintiffs and the remaining Defendants not considered "Released Parties" will propose a litigation and briefing schedule for any responses to the Amended Complaint, the deadline for which shall be no less than 60 days after the parties file the proposed briefing schedule.

(3) During the 60-day stay of litigation, Plaintiffs and the remaining Defendants may engage in settlement discussions, negotiations, or mediations, and/or exchange of informal discovery to facilitate settlement; and the parties to any such settlement may file their own motions to stay based on their own settlement agreements.

This 20th day of May, 2024.

_____
THE HONORABLE MARK H. COHEN
UNITED STATES DISTRICT JUDGE