UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONTY MARCH and LINDA PRATKA, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>REAL ESTATE BOARD OF NEW YORK, INC.; BROWN HARRIS STEVENS RESIDENTIAL SALES, LLC; CHRISTIE'S INTERNATIONAL REAL ESTATE LLC; COLDWELL BANKER REAL ESTATE LLC; COMPASS, INC.; CORE GROUP MARKETING LLC; THE CORCORAN GROUP, INC; THE CORCORAN GROUP LLC; DOUGLAS ELLIMAN, INC.; ELEGRAN LLC D/B/A ELEGRAN REAL ESTATE; ENGEL & VÖLKERS NEW YORK REAL ESTATE LLC; FOX RESIDENTIAL GROUP, INC; HALSTEAD MANHATTAN, LLC; TRIBECCA MARKET CENTER LLC D/B/A KELLER WILLIAMS NYC; LESLIE J. GARFIELD & CO. INC.; LEVEL GROUP INC.; TDG-TREGNY LLC D/B/A M.N.S.; MODERN SPACES, LLC; SUITEY, INC. D/B/A THE AGENCY; THE MODLIN GROUP LLC; NEST SEEKERS LLC D/B/A NEST SEEKERS INTERNATIONAL; R NEW YORK REAL ESTATE LLC D/B/A R NEW YORK; RE/MAX LLC; SERHANT LLC; SLOANE SQUARE LLC; and SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC,<br><br>Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 12/09/2024<br><br>Case No. 23-cv-09995-JGLC (RWL)<br><br>**STIPULATION AND ORDER TO<br>STAY PROCEEDINGS** |

WHEREAS, Elegran LLC d/b/a Elegran Real Estate ("Elegran") is a defendant in *March et al v. The Real Estate Board of New York, Inc., et al.*, Case No. 23-cv-09995 JGLC (RWL) ("March");

{1745670.1}

WHEREAS, Elegran LLC d/b/a Elegran Real Estate ("Elegran") is a defendant in *March et al v. The Real Estate Board of New York, Inc., et al.*, Case No. 23-cv-09995 JGLC (RWL) ("*March*");

WHEREAS, Elegran is also a defendant in *Friedman v. The Real Estate Board of New York, Inc., et al.*, Case No. 24-cv-00405-JGLC (RWL) ("*Friedman*");

WHEREAS, on November 27, 2024, in *Burnett, et al. v. The National Association of Realtors, et al.*, Case No. 4:19-cv-00332, the United States District Court for the Western District of Missouri granted final approval of a class settlement with the National Association of Realtors ("NAR"), overruling the objections to the settlement by Plaintiffs in the *March* and *Friedman* actions (collectively, "Plaintiffs"). *See Burnett* ECF 1622 (the "Final Approval Order");

WHEREAS, Elegran contends that Plaintiffs' claims against it are released by the Final Approval Order;

WHEREAS, Plaintiffs dispute that the Final Approval Order applies to Elegran or releases Plaintiffs' claims against Elegran;

WHEREAS, in the Final Approval Order, the Western District of Missouri certified the following settlement class regarding the NAR settlement, which includes:

> All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges: . . .
> For all other homes: October 31, 2019 to date of Class Notice.

Final Approval Order, ¶ 8;

WHEREAS, the Final Approval Order provides, in pertinent part, as follows:

> Members of the Settlement Class, unless they excluded themselves from the Settlement Class, are hereby enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any Released Claims against any of the Released Parties. . . . Released Claims include claims that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home. For the avoidance of doubt, this injunction extends to claims arising from or relating to transactions where Settlement Class Members either sold or purchased a home on any MLS nationwide, regardless of affiliation or association with NAR or not, and thus includes, *e.g.*, NWMLS, WPMLS, and REBNY/RLS.

Final Approval Order, ¶ 168 (internal citations omitted);

WHEREAS, counsel for Elegran has met and conferred with counsel for Plaintiffs regarding the impact of the Final Approval Order on the *March* and *Friedman* cases;

WHEREAS, as a result of the fact that the Western District of Missouri overruled Plaintiffs' objections to final approval of the NAR settlement, Plaintiffs intend to pursue appealsof the Final Approval Order before the United States Court of Appeals for the Eighth Circuit;

WHEREAS, the deadline to file notices of appeal from the Final Approval Order is December 27, 2024;

WHEREAS, despite disputing the applicability of the NAR settlement and the Final Approval Order to the claims at issue in March and Friedman, Plaintiffs and Elegran (collectively, the "Parties") agree that it is appropriate and will serve the interests of justice to administratively stay the March and Friedman actions as to Elegran and its franchisees and affiliated brokerages until the resolution of Plaintiffs' forthcoming appeals to the Eighth Circuit Court of Appeals from the Final Approval Order;

WHEREAS, the Parties acknowledge that this Agreement exclusively applies to the Parties and cannot be used by any other person for any purpose; and

WHEREAS, Plaintiffs' entry into this Stipulation does not constitute an admission concerning the applicability of the Final Approval Order to their claims, and Plaintiffs and Elegran reserve all rights;

NOW, THEREFORE, the Parties respectfully request that the Court administratively stay this action as to Elegran, and that future appearances, requests, and/or other case related obligations as to Elegran be stayed until the resolution of Plaintiffs' appeals to the Eighth Circuit Court of Appeals from the Final Approval Order.

Plaintiffs and/or Elegran will not be bound by, nor will the Plaintiffs and/or Elegran argue that, any rulings, findings, decisions, or judgments, including any case management order in *March* or *Friedman* during the stipulated stay, shall apply to Elegran, whether based on claim preclusion, issue preclusion, or otherwise.

The Parties further agree that they shall submit a joint status report within ten (10) days after the resolution of the Plaintiffs' appeals to the Eighth Circuit Court of Appeals from the Final Approval Order.

Dated: December 9, 2024

| | |
|---|---|
| **BERMAN TABACCO** | **WARSHAW BURSTEIN, LLP** |
| By: /s/ *Todd A. Seaver* | By: /s/ *Grant R. Cornehls* |
| Todd A. Seaver (admitted *pro hac vice*) | Grant R. Cornehls |
| Carl Hammarskjold (admitted *pro hac vice*) | 575 Lexington Avenue, 7th Floor |
| 425 California St, Suite 2300 | New York, New York 10022 |
| San Francisco, CA 94104 | Telephone: (212) 984-5500 |
| Telephone: (415) 433-3200 | gcornehls@wbny.com |
| tseaver@bermantabacco.com | Attorneys for Elegran LLC d/b/a Elegran Real Estate |
| chammarskjold@bermantabacco.com | |

Steven J. Buttacavoli (admitted *pro hac vice*)
Steven L. Groopman
Brooke E. Lowell
**BERMAN TABACCO**
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
sbuttacavoli@bermantabacco.com
sgroopman@bermantabacco.com
blowell@bermantabacco.com

Daniel Goldman
**BIENERT KATZMAN LITRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (973) 476-5485
dgoldman@bklwlaw.com

*Counsel for Plaintiff Robert Friedman*

**MOTLEY RICE LLC**
By: /s/ *Michael M. Buchman*
Michael M. Buchman
800 Third Avenue, Suite 2401
New York, NY 10022
Telephone: (212) 577-0050
mbuchman@motleyrice.com

Marvin A. Miller
Matthew Van Tine
**MILLER LAW LLC**
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604
(312) 332-3400
mmiller@millerlawllc.com
mvantine@millerlawllc.com

*Counsel for Plaintiffs Monty March & Linda Pratka*

Dated: December 9, 2024

SO ORDERED

_____
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

{1745670.1}                                6