<u>**VIA ECF**</u>
The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, NY 10007

**Re: March v. Real Estate Board of New York, 23-cv-09995 (JGLC)(RWL)**
     **Friedman v. The Real Estate Board of New York, 24-cv-00405 (JGLC)(RWL)**

Dear Judge Lehrburger:

Pursuant to this Court's December 30, 2024 Order, Defendant REBNY submits this consolidated reply to the *March* and *Friedman* Plaintiffs' respective oppositions to REBNY's request for a stay pending resolution of Plaintiffs' appeals in the Eighth Circuit. Plaintiffs' responses underscore the necessity, practicality, and reasonableness of the proposed stay, as well as the lack of any prejudice that Plaintiffs will experience by a short-term stay.

As explained below and in REBNY's stay motion, Plaintiffs' pending appeal in the Eighth Circuit—which challenges the approved nationwide settlement in the NAR cases—is a sufficient reason to grant a stay, as the Eighth Circuit's decision would profoundly impact this case. Plaintiffs waste their breath on whether REBNY can enter into a separate nationwide settlement with the NAR plaintiffs. The answer is yes under the prevailing case law, and REBNY's potential nationwide settlement is another reason to grant a stay. Therefore, REBNY respectfully requests this Court grant REBNY's motion to stay.

### The Relevant Factors Still Militate Heavily In Favor of a Stay

Courts consider five factors when determining whether to grant a stay: (1) the prejudice to the plaintiffs; (2) the burden on the defendants; (3) the interests of the courts; (4) the interests of non-parties; and (5) the public interest. *Poppel v. Rockefeller Univ. Hosp.*, 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019). Here, Plaintiffs fail to articulate any prejudice that warrants a denial of stay, and Plaintiffs do not deny that all other factors militate heavily in favor of a stay. Accordingly, a stay is warranted.

Plaintiffs' only purported "hardship" is a modest delay in pursuing their claims pending their appeals in the Eighth Circuit. *See Friedman v. REBNY*, 24-cv-00405, ECF No. 152 at 2 (S.D.N.Y. Dec. 13, 2024) ("Friedman Opp'n") (conclusorily stating a continued stay of proceedings would prejudice Plaintiff); *March v. REBNY*, 23-cv-09995, ECF No. 290 at 2 (S.D.N.Y. Dec. 13, 2024) ("March Opp'n") (same). But as noted in REBNY's motion, a delay limited to Plaintiffs' appeals is moderate and is not a sufficient reason to deny a stay. *See Est. of Heiser v. Deutsche Bank Tr. Co. Ams.*, 2012 WL 5039065, at *3 (S.D.N.Y. Oct. 17, 2012) (finding the plaintiffs' claim of prejudice not compelling when the stay was "limited to the Second Circuit's resolution of the consolidated appeals"). Plaintiffs fail to point to any other need to proceed their claims immediately, such as loss of evidence or the unavailability of witnesses. Again, "Plaintiffs have already agreed to stay their claims against most of the Defendants in this action pending

1

resolution of Plaintiffs' appeals [in the Eighth Circuit]. If Plaintiffs prevail on their appeals, they can continue pursuing their claims against Defendants in this action." *Friedman v. REBNY*, 24-cv-00405, ECF No. 144 at 2 (S.D.N.Y. Dec. 10, 2024) ("Mot."). Plaintiffs never challenge this point.

Moreover, any delay is caused by Plaintiffs' own actions. They could have opted out of the NAR settlement if they truly desired to proceed with this case, yet they chose not to do so. They should have known that their prosecution in this case would be affected by developments in the NAR cases when they objected to the NAR settlement and when they appealed the final approval of the NAR settlement, further prolonging the battle. Indeed, March admits that "[c]onsiderable uncertainty looms not only as to REBNY's ability to be released under the NAR Settlement, but other defendants in this action as well." March Opp'n at 2. Friedman still disputes which Defendants are released under the NAR settlement. Friedman Opp'n at 2 n.2.

The uncertainty created by Plaintiffs in the NAR cases profoundly impacts this case, and "parties and claims need not be identical in order for one action to be stayed . . . in deference to an earlier action."[1] *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) (citation omitted). Plaintiffs do not deny that a denial of a stay would lead to piecemeal litigation and impose unnecessary burden and expenditure of resources of the Court, defendants, and non-parties. As noted in REBNY's motion, "[w]ithout clarity about all the Defendants' status in this case, it is nearly impossible to agree on an efficient approach to briefing motions to dismiss or conduct discovery. Granting a stay will also minimize the need for multiple motions to dismiss." Mot. at 3.

Thus, *Poppel*—cited in March's response—is instructive. 2019 WL 3334476. There, the "unique procedural posture of the case [had] the case on two separate tracks." *Id.* at *3. Even considering "Plaintiff's inherent interest in proceeding expeditiously," the court found that the most efficient course of action was to stay the matter so the case could proceed on a single track. *Id.* at *2-3. REBNY respectfully requests this Court to do the same.

**REBNY's Potential Settlement with the NAR Plaintiffs Also Warrants the Stay**

REBNY's potential nationwide settlement with the NAR Plaintiffs is another reason for a stay. *See LaSala v. Needham & Co., Inc*, 399 F. Supp. 2d 421, 429 (S.D.N.Y. 2005) (granting a stay when it "furthers the long-recognized public and judicial policy in favor of the settlement of disputes"). "Proceeding with this case while a *potential* nationwide settlement that encompasses Plaintiffs' claims is pending would cause the parties to expend considerable resources conducting discovery and briefing motions that may be unnecessary." *Albert*, 232 F. Supp. 3d at 513 (emphasis added); *see also Melville v. HOP Energy, LLC*., 2024 WL 4224850, at *3 (S.D.N.Y. Sept. 18, 2024) (finding that the plaintiffs' fear of the defendant's settlement in another class action does not amount to prejudice warranting denial of a stay).

---

[1] Thus, it is immaterial that "REBNY is not a party to any settlement on appeal," and Friedman's attempt to distinguish *Albert* and other cited cases in REBNY's stay motion should be rejected. *See* Friedman Opp'n at 3 n.4.

Friedman argues that REBNY is unable to settle with the NAR plaintiffs because REBNY is not a party to the NAR cases, without citing a single case for that proposition. Friedman Opp'n at 3. That is wrong. "[C]lass action settlements have in the past released claims against non-parties, where . . . the claims against the non-party being released were based on the same underlying factual predicate as the claims asserted against parties to the action being settled." *In re Lloyd's Am. Tr. Fund Litig.*, 2002 WL 31663577, at *11 (S.D.N.Y. Nov. 26, 2022) (collecting cases); *see also* 4 Newberg & Rubenstein on Class Actions § 13:61 (6th ed.) ("[A] settlement agreement may, in proper circumstances, release non-parties, including those beyond the court's jurisdictional authority."). Plaintiffs' only avenue to challenge Judge Bough's factual-predicate finding is through their appeals in the Eighth Circuit. *In re Antibiotic Antitrust Actions*, 333 F. Supp. 296, 298 (S.D.N.Y. 1971), *aff'd*, 450 F.2d 1119, 1120 (2d Cir. 1971). This point further weighs in favor of staying this action pending Plaintiffs' appeals.

Friedman also argues that the NAR plaintiffs lack the authority to negotiate a potential settlement with REBNY. Friedman Opp'n at 3. But Judge Bough already overruled Plaintiffs' objection that the NAR plaintiffs "do not have standing to settle their claims." *Sitzer v. NAR*, Case No. 4:19-cv-00332, ECF No. 1622 ¶ 121 (W.D. Mo. Nov. 27, 2024) ("Final Approval Order") (internal quotations omitted). Again, Plaintiffs may challenge that finding in their appeals in the Eighth Circuit, not before this Court. *In re Antibiotic*, 33 F. Supp. at 298. Plaintiffs' continued attempt to challenge this issue further supports the stay.[2]

*Matsushita Electric Corp. of America v. 212 Copiers Corp.*—which Friedman cites—is inapposite. 1996 WL 563314, at *1 (S.D.N.Y. Oct. 2, 1996). There, the court took issue with the request for an *indefinite* stay in light of the settlement discussions. *Id*. But here, REBNY's requested stay is definite and limited to Plaintiffs' appeals. And even the *Matsushita* court agreed to delay the proceedings for a few months, so the parties can continue their settlement discussions. *See id*. (moving the deadline for the joint pre-trial report from September 30, 1996 to November 26, 1996).

March demands that REBNY submit evidence related to its settlement discussions and even demands discovery into those discussions. March Opp'n at 2-3. March does not cite a single piece of authority for that extraordinary measure. Nor is there a need for doing so. To the extent Plaintiffs falsely accuse a lack of arms' length negotiations between the NAR plaintiffs and REBNY, the class action settlement approval proceeding is designed exactly to address such a concern. *See* Fed. R. Civ. P. 23(e)(2)(B) (directing courts to consider whether the class settlement "was negotiated at arm's length" before approving it). If Plaintiffs believe the settlement's terms are inadequate, they may object during the approval proceeding, *as they did, and were overruled, during the NAR settlement approval proceeding*. *See* Final Approval Order ¶¶ 122-25 ("Objector Friedman asserts, without stating any basis for the claim, that the Settlements' inclusion of sellers who listed homes on REBNY appears to be the product of a so-called collusive settlement. . . .

---

[2] Furthermore, as March notes, Plaintiffs have not conducted any discovery in this case. March Opp'n at 2. The NAR plaintiffs are thus in a better position to negotiate with REBNY because "REBNY and other non-NAR MLS policies and practices . . . were discussed at length in *Burnett*." Final Approval Order ¶ 118.

That is not a basis for rejecting the Settlements.") (internal quotations omitted).  The presiding court, not Plaintiffs, will then assess the adequacy of the settlement.

### Conclusion

For the reasons stated above and in REBNY's stay motion, this Court should stay this action pending the resolution of Plaintiffs' appeals in the Eighth Circuit.

| | |
|---|---|
| Dated: January 6, 2025 | Respectfully submitted,<br>*/s/ Claude Szyfer*<br>Claude Szyfer<br>Julie G. Matos<br>**HOGAN LOVELLS US LLP**<br>390 Madison Avenue<br>New York, NY 10017<br>+1 212 918 3000<br>claude.szyfer@hoganlovells.com<br>julie.matos@hoganlovells.com<br><br>Liam Phibbs (*pro hac vice* admitted)<br>Doo Hyun Nam (*pro hac vice* admitted)<br>**HOGAN LOVELLS US LLP**<br>555 13th Street NW,<br>Washington, DC 20004<br>+1 202 637 5600<br>liam.phibbs@hoganlovells.com<br>dh.nam@hoganlovells.com |