UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MONTY MARCH ET AL.,

      Plaintiffs,

   - against -


REAL ESTATE BOARD OF NEW YORK, INC
ET AL.,

      Defendants.

-------------------------------------------------------------X

ROBERT FRIEDMAN ET AL.,

      Plaintiffs,

   - against -


REAL ESTATE BOARD OF NEW YORK, INC
ET AL.,

      Defendants.

-------------------------------------------------------------X

23-CV-9995 (JGLC) (RWL)

24-CV-405 (JGLC) (RWL)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/07/2025

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

  This order resolves defendant REBNY's motion for a temporary stay filed December 10, 2024. (*See also* correspondence dated December 13, 2024 and January 6, 2025.) The request for a stay pending resolution of the appeal of *Burnett v NAR* in the Eighth Circuit is GRANTED.

  The principal reason for the stay is the prospect of highly inefficient and burdensome piecemeal litigation that may occur in the instant cases presented by the facts that: Plaintiffs named numerous Defendants in the instant cases that also are

defendants in the *Burnett* case; many of those defendants are covered by the nationwide release of the court-approved settlement in *Burnett*; that stays as to many of those Defendants already have been entered into and so-ordered in the instant cases; and those Defendants may or may not remain defendants in the instant cases depending on whether the Eighth Circuit sustains or overrules challenges to the NAR Settlement.  Even Plaintiffs acknowledge "considerable uncertainty" as to which Defendants in the instant actions will be released by *Burnett*.  (12.13.24 Letter at 2.)  Whether REBNY is or is not currently "qualified as a covered entity under the NAR Settlement," as Plaintiffs put it, does not change those facts.  (*Id.*)

Put another way, proceeding with the instant litigation against REBNY without knowing the fate of many of the non-REBNY Defendants is inefficient and unwieldy and disserves the interests of the Court, the Defendants, and the public interest.  The parties have not identified any concerns posed by a stay with respect to non-parties.  The only prejudice that Plaintiffs have identified is the delay in prosecution of the instant proceedings.  While the Court does not want to see litigation unnecessarily drawn out, and recognizes that Plaintiffs have a valid interest in seeing their cases progress in timely fashion, the prejudice to Plaintiffs from the delay is outweighed considerably by the other interests for which the Court must account.  *See Poppel v. Rockefeller University Hospital*, No. 19-CV-1403, 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019) (listing factors courts consider when determining whether to grant a stay).

To be clear, the Court does not base its decision on the fact that REBNY may or may not be in settlement discussions with NAR independent of the *Burnett* opt-in settlement procedures.  Plaintiffs' request for discovery into REBNY's settlement discussions with NAR therefore is moot, and to the extent not moot, is DENIED.

Finally, the Court does not agree with Plaintiffs that REBNY's stay application is procedurally improper because it was made by letter motion. REBNY moved in compliance with the schedule set by the Court, and Plaintiffs have substantively responded to REBNY's arguments. More extensive briefing at this juncture is unwarranted.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkt. 281 in 23-CV-9995 and Dkt. 144 in 24-CV-405.


SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 7, 2025
        New York, New York

Copies transmitted this date to all counsel of record.

3