SAVERI
LAW FIRM

780 THIRD AVENUE
SUITE 1200
NEW YORK, NY 10017

TEL 212.970.0300
FAX 212.970.0301

MICHAEL M. BUCHMAN
Direct Dial: 917.914.4612
Email: mbuchman@saverilawfirm.com

August 24, 2026

**VIA ECF**

The Honorable Robert W. Lehrburger
United State District Court Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Monty March v. Real Estate Board of New York, et. al.*, Docket No. 1:23-cv-09995-JGLC/RWL

Dear Magistrate Judge Lehrburger:

We represent Plaintiff Monty March in the above-referenced action. We write in response to the Serhant LLC ("Serhant") letter dated August 19, 2026 ("Letter") concerning the Eighth Circuit's August 19, 2026 Opinion in *Burnett v. Nat'l Ass'n of Realtors*, No. 24-3444 (8th Cir. Aug. 19, 2026) ("Opinion"). Mr. March intends to seek rehearing. We understand that Mr. Friedman (*Friedman v. Real Estate Board of New York*, *et al.,* Docket No. 1:24-cv-00405-JGLC/RWL) will join in this request.

In the interim, we wanted to succinctly address Serhant's claim that the Court should treat Serhant as having already been automatically released. The Eighth Circuit Opinion *did not* address whether Serhant qualified as a Released Party. Instead, the Eighth Circuit affirmed final approval of the NAR Settlement. Notably, Serhant is not explicitly named in the NAR Settlement. *See* NAR Settlement Agreement, Ex. A to Serhant's Letter Motion for Stay filed May 28, 2024, ECF No. 217-1.

Serhant is presumably claiming to be a Released Party pursuant to either ¶ 18(e) or ¶ 18(f) of the Settlement Agreement. Among other requirements, ¶ 18(e) only applies to brokerages with 2022 residential home sales of $2 billion or less. Mr. Serhant has made public statements indicating that there is a strong likelihood his brokerage has transacted over $2 billion in volume. To be sure, in 2021 Mr. Serhant publicly stated "I sold over $4b worth of real estate over the last couple of years.[1] The status of Serhant's qualification as a released party is most unclear.

[1] https://www.youtube.com/watch?v=uQM8xgV6xgg at 00:00-00:06 (last visited Aug. 21, 2026).

Serhant also cannot definitively qualify as a Released Party under ¶ ¶ 18(e) or (f) because it has not demonstrated that it has complied with other requirements, including implementing the practice changes mandated by ¶ 18(e)(iii) and ¶ 18(f)(iv), and, if qualifying under ¶ 18(f), the payments required by ¶ 18(f)(v).

In its May 28, 2024 letter motion, Serhant admitted it had yet to make the required practice changes, but asserted its time for compliance had not run. ECF No. 217 at 3.

Serhant's Letter fails to demonstrate or even claim actual performance of the requirements of either ¶ 18(e) or ¶ 18(f) of the settlement. Neither letter addressed whether Serhant's sales volume was above or below $2 billion, which requires strict proof.

In short, Plaintiff March respectfully submits that the Court should not assume, without strict proof, that Serhant has actually been released under the NAR Settlement.

Plaintiff March fully reserves his rights to further respond to any and all arguments made by any Defendant, including Serhant, regarding the scope and the application of the Eighth Circuit Opinion to this case.

Respectfully submitted,

*/s/ Michael M. Buchman*
Michael M. Buchman

and

*/s/ Marvin A. Miller*
Marvin A. Miller
Miller Law LLC

Cc.: All appearing parties (via ECF)